## T. P. RANKIN'S EX'RS *v.* THOMAS F. DAVIDSON.

**Attorney's Lien for Fees.**

Under the laws of Indiana an attorney may secure a lien on a judgment procured for his client by endorsing a notice thereof on the judgment when entered, and a resident of Kentucky, becoming a suitor in Indiana, must stand upon the same ground with a citizen of that state, so far as that litigation and its consequences are concerned.

**Payment of Judgment.**

Where a judgment is taken against a litigant, upon which judgment the attorney securing it has endorsed a lien as provided by the laws of Indiana, the judgment debtor who pays the judgment to his adversary, if the attorney be not paid, may have to pay the amount of such lien.

### APPEAL FROM HARRISON CIRCUIT COURT.

#### October 4, 1879.

OPINION BY JUDGE COFER:

The appellants' testator having become a suitor in the courts of Indiana must stand upon the same ground with a citizen of that state, so far as that litigation and its consequences are concerned. He could not appeal to the laws of that state for a redress of his own grievance without at the same time subjecting himself to all the obligations and burdens which the laws of the state imposed upon its citizens similarly situated.

Under the statute an attorney had a right to a lien upon a judgment recovered for his client. That right might be perfected by an endorsement on the record made at the time the judgment was rendered. One of the purposes for which such endorsement was required, no doubt, was to give notice to the defendant that the attorney had a lien, and thus put him upon his guard not to pay the judgment to the plaintiff without satisfying the lien.

The endorsement was required to be made when the judgment was rendered. Every suitor in the courts of that state, whether residing

there or elsewhere, was bound to know that such was the law, and it thus became the testator's duty to ascertain before he paid the judgment whether a lien had been secured by Barnes' attorney. It does not matter that he may in fact have been ignorant of the existence of the lien, he had the means of informing himself, and it was his duty to inquire.

Suppose the law of that state had empowered the court to grant a new trial at a subsequent term, and the power had been exercised and a second trial had been had without the testator's knowledge, and a judgment rendered for a larger sum, would it have been any answer to a suit on that judgment in a Kentucky court that he did not know that such was the law, and had no actual notice that a new trial had been awarded?

Enlightened states generally give to foreign litigants the same remedies which they give to their own citizens or subjects, but we are not aware of any instance in which foreigners are accorded privileges or exemptions from the burdens incident to litigation which are denied to the citizens.

That the clerk made and Barnes filed in his suit on the judgment a transcript which purported to be a complete, but which it now turns out was incomplete, cannot effect the rights of the appellee. He is in no way responsible for the omissions of the clerk, or for the acts of Barnes. Nor can we hold that the appellee waived or abandoned his lien by failing to assert it at an earlier day. There is no statute of limitations that bars it, and mere passiveness for that period does not bring the case within the class denominated stale claims.

The judgment must be *affirmed.*

*J. I. Ward, A. H. Ward, for appellants.*

*Thomas F. Davidson, C. W. West, for appellee.*